UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
SOUTHEASTERN DIVISION

| | | |
|---|---|---|
| SHANGHAI HOST CHEMICAL COMPANY, LTD., | ) ) ) | |
| Plaintiff, | ) ) | |
| v. | ) ) | Case No. 1:06CV94 RWS |
| SYNTRAX INNOVATIONS, INC., | ) ) ) | |
| Defendant. | ) | |

## ORDER

On December 28, 2006, I entered a default judgment in favor of Plaintiff Shanghai Host Chemical Company, Ltd. On October 16, 2007, Defendant Syntrax Innovations, Inc. filed a motion to vacate the default judgment. Syntrax asserts that it was never properly served with this lawsuit and asks that the judgment be set aside. Because I find that service was properly made on Syntrax I will deny its motion to vacate the default judgment in this matter.

*Background*

The following information is taken from the record and from the hearing on October 29, 2007 of Syntrax's motion to vacate the default judgment.

On July 6, 2006, Shanghai filed suit against Syntrax seeking $229,000.00 plus interest in payment for products sold and delivered to Syntrax. According to Syntrax's 2006 Annual Registration Report filed with the Missouri Secretary of State's office, Derek W. Cornelius was the president, secretary, and sole member of the board of directors of Syntrax. The address listed on the report for Cornelius acting in these capacities is 251 Garnet Lane, Cape Girardeau, Missouri 63701.

Cornelius is also identified in the report as the registered agent for Syntrax. The address of the registered agent and Syntrax's place of business is the same: 143 W. Yoakum, Chaffee,

Missouri 63740.

According to Cornelius's second affidavit attached to Syntrax's reply brief, Syntrax "temporarily" moved its operations from the Chaffee address to 4711 Nash Road, Scott City, Missouri in late July 2006.

Shanghai initially attempted to execute service on Syntrax by mail under Rule 4(d)(2) of the Federal Rules of Civil procedure. The service documents were sent to Cornelius at the Chaffee address on July 6, 2006. On August 7, 2006, Shanghai's counsel received a letter from Syntrax's counsel, Thomas Peterson in Washington, D.C., stating that Peterson had received the complaint and summons mailed to Syntrax but that Syntrax was refusing service by mail.

Shanghai then attempted to serve Syntrax using private process server Investigative Associates. Process server John Clifton testified at the hearing that the he attempted to serve Cornelius with the lawsuit multiple times. On November 1, 2006, he went to the Chaffee address listed with the Secretary of State's office as Syntrax's address and as the address of its registered agent, Cornelius. A different business was using that location. Clifton went in the business and inquired if Cornelius was there. He was directed to the new location of Syntrax on Nash Road. He attempted to serve Cornelius at the Nash Road address but was told by a worker at that location that any process papers needed to be served on Cornelius at his home on Garnet Lane. That same day Clifton made three separate attempts to serve Cornelius at his Garnet Lane address but no one was at the address each time.

Process server Chris Clifton testified at the hearing that he attempted to personally serve Cornelius at the Nash Road address on October 2, 2006. Clifton testified that he met Cornelius at that address and informed him he had service papers for Syntrax. Clifton stated that Cornelius was polite but stated that he was no longer with Syntrax and that he would not accept service. Clifton identified Cornelius at the hearing as the same person who refused service at the Nash

Road address.

Thwarted in its attempts to serve Syntrax by serving its registered agent (Cornelius) Shanghai finally perfected service by serving the Missouri Secretary of State. Missouri law provides that if a corporation fails to maintain a registered agent in Missouri then the Secretary of State shall be automatically appointed as the corporation's registered agent and may be served with process. R.S. Mo. § 351.380. See also Kammer v. Cohen Appliance & T.V. Center, Inc., 767 S.W.2d 574, 576 (Mo. Ct. App 1998)(when a corporation incorporates itself in Missouri it consents to the statutory authorization of the Secretary of State as a substituted agent for service when the corporation fails to maintain a registered agent in Missouri).

It is undisputed that Shanghai properly served the Secretary of State on November 3, 2006. It is also undisputed that the Secretary of State's records indicate that the complaint and summons were properly mailed to Syntrax on November 20, 2006 using the Chaffee, Missouri address reflected in Syntrax's Annual Registration Report.

Despite the preceding evidence of service, Cornelius asserts that he never refused service and was not aware of this lawsuit until sometime after the default judgment was entered. He also asserts that service though the Secretary of State was not proper. In his second affidavit Cornelius stated that "[a]t no time did I ever receive any communication at the 4711 Nash Road address from the Secretary of State, the Plaintiff, a process server, a sheriff or any other person regarding this lawsuit nor was I aware of any attempt to serve Syntrax with a summons." He also stated that "[t]he first time I had any knowledge of this lawsuit was after the Final Judgment had been entered and after Plaintiff initiated a garnishment proceeding against one of our customers."

A telling development occurred at the hearing of the present motion before receiving witness testimony. Counsel for Shanghai informed the Court that he would present Chris Clifton's testimony that Cornelius refused personal service. Shanghai's counsel also stated that

the record contained Syntrax's Washington counsel's letter refusing to accept service by mail. In light of these representations I questioned Cornelius's counsel about Cornelius's claim in his affidavit that he was not aware of any attempt to serve Syntrax with the lawsuit. After allowing Cornelius's counsel to consult with his client, counsel responded "[y]our Honor, other than to proffer testimony that Mr. Cornelius does not recall such a meeting and denies that such a meeting between himself and the process server, we have nothing further beyond what's in papers, Your Honor."

Although this proffer was made, when Cornelius took the stand he did not address the issue of whether he refused service from Chris Clifton at the Nash address. As a result, his testimony did not support the proffer. Nor did he testify, as he stated in his affidavit, that he was not aware of any attempt to serve this lawsuit on Syntrax.

In an attempt to explain why he never got the notice of service from the Secretary of State Cornelius stated in his second affidavit that on August 16, 2006, Syntrax sent a letter to the Secretary of State requesting a change of address for its registered agent from the Chaffee address to the Nash Road address, noting the "letter was signed by my wife in my name with my permission." Syntrax asserts that the Secretary of State's failure to change the registered agent's address caused service to be defective.

The Secretary of State's records do not reflect that a letter from Syntrax requesting an address change was ever received by that office. An affidavit submitted by Bridget Guth, Director of Corporations and Counsel for Business Services Division of the Secretary of State, states that if a letter is received regarding a corporation's business registration, the letter is scanned and attached to the corporation's profile in the Secretary's "internal knowledge base." No record of a letter from Syntrax for a change of address exists.

In addition, Guth states that a change of address for a registered agent can only be made

by filing out a Form 59A and paying a $10.00 fee. If a letter is submitted for a change of address a "problem report" is mailed back to the requesting entity with a Form 59A and instructions on how to properly change the address. There is no record in this case of such a problem report being issued to Syntrax.

*Discussion*

Syntrax asserts that the default judgment entered in this matter should be set aside because service on the Secretary of State was invalid. Based on all of the evidence in the record I find that Syntrax was properly served with this lawsuit through service on the Secretary of State. I find that Syntrax failed to maintain a registered agent in Missouri by failing to properly notify the Secretary of State of a change of address for its registered agent. By operation of R.S. Mo. § 351.380 service on the Secretary of State was effective.

In the alternative, Syntrax requests that that I set aside the default judgment under Fed. R. Civ. P. 60(b)(1) base on "inadvertence." Syntrax defines inadvertence as "lack of attention, want of care, carelessness ... an oversight or involuntary accident." Syntrax claims that its only fault in this matter is its failure to properly change its address with the Secretary of State resulting in a default judgment.

However, the record is clear, despite Cornelius's affidavit to the contrary, that Syntrax was aware of this lawsuit long before a default judgment was entered. The undisputed evidence shows that Syntrax's Washington, D.C. counsel, acting on behalf of the corporation, stated he was in receipt of the summons and complaint but would not accept such service. A reasonable inference from the evidence is that Cornelius, as the president, secretary and sole share holder of Syntrax must have been aware of the lawsuit and consulted with Syntrax's D.C. counsel at the time Syntrax decided to reject service by mail.

In addition, I find process server Chris Clifton's testimony to be credible that he

personally attempted to serve Syntrax by serving Cornelius at the Nash Road address but that Cornelius refused to accept service. The evidence leads to the inference that not only was Cornelius aware of the lawsuit he was also attempting to avoid service of process in hopes that the case would be dismissed for lack of timely service. As a result, I find that the evidence does not support a claim of inadvertence. "One who fails to act diligently cannot invoke equitable principles to excuse that lack of diligence." Baldwin County Welcome Center v. Brown, 466 U.S. 147, 151 (U.S. 1984).

Accordingly,

**IT IS HEREBY ORDERED that** Defendant Syntrax Innovations, Inc.'s combined motion to vacate the default judgment and to quash service of process [#34] is **DENIED**.

_____
RODNEY W. SIPPEL
UNITED STATES DISTRICT JUDGE

Dated this 18th day of December, 2007.